[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-14631
_____

D. C. Docket No.  03-00083-CR-CDL-5

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 31, 2008
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

                                                  Plaintiff-Appellee,


                            versus


EDDIE MILTON GAREY, JR.,
a.k.a. Miles Garey, et al.,

                                                  Defendant-Appellant.
_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

**(October 31, 2008)**

Before BIRCH and BLACK, Circuit Judges, and PRESNELL,[*] District Judge.

PER CURIAM:

_____

[*] Honorable Gregory A. Presnell, United States District Judge for the Middle District of
Florida, sitting by designation.

Eddie Milton Garey, Jr., appealed his 360-month sentence for 27 felony counts arising from his unsuccessful attempts to extort money by threatening to bomb various buildings in and around Macon, Georgia.[1]  Garey argued the district court erred when it (1) found he knowingly and voluntarily consented to represent himself at trial; (2) enhanced his sentence for terrorism, pursuant to U.S.S.G. § 3A1.4; and (3) based the enhancement on its own factual findings.  He further contended (4) his sentence was unreasonable.  Our Court, en banc, found Eddie Milton Garey, Jr., waived his right to counsel.  *United States v. Garey*, 540 F.3d 1253 (11th Cir. 2008) (en banc).  It remanded to this panel for consideration of the sentencing issues.  *United States v. Garey*, __ F.3d __ (11th Cir. 2008) (en banc).  The panel having reviewed the record affirms the sentence.

## I.

Garey's offense level was increased by 12 levels and his criminal history category from III to VI, pursuant to U.S.S.G. § 3A1.4, based on the conclusion in the Presentence Report that Garey was convicted of a felony that "involved or was intended to promote a 'federal crime of terrorism.'"  *United States v. Garey*, 383 F. Supp. 2d 1374, 1377 (M.D. Ga. 2005).  Garey argues this enhancement requires

---

[1]  Detailed facts and an explanation of Garey's objections in the district court to his sentence are set forth in *United States v. Garey*, 383 F. Supp. 2d 1374 (M.D. Ga. 2005).

the offense conduct to transcend national boundaries because the definition of a "federal crime of terrorism" is located in 18 U.S.C. § 2332b, which prohibits "[a]cts of terrorism transcending national boundaries." *See* 18 U.S.C. § 2332b; *see also United States v. Salim*, 287 F. Supp. 2d 250, 354 (S.D.N.Y. 2003) ("[A] 'Federal crime of terrorism' is one that meets the two prongs set forth at 18 U.S.C. §§ 2332b(g)(5)(A) and (B), and that involves conduct that transcends national boundaries."). Garey's conduct was purely domestic, so he contends the enhancement should not be applied.

"The district court's interpretation of the sentencing guidelines is subject to de novo review on appeal, while its factual findings must be accepted unless clearly erroneous." *United States v. Jordi*, 418 F.3d 1212, 1214 (11th Cir. 2005) (quotation omitted).

*A. Plain Language*

"[T]he language of the Sentencing Guidelines is to be given its plain and ordinary meaning." *United States v. Tham*, 118 F.3d 1501, 1506 (11th Cir. 1997). The Guidelines provide a 12-level enhancement for terrorism if the defendant's "offense is a felony that involved, or was intended to promote, a federal crime of terrorism . . . ." U.S.S.G. § 3A1.4(a). The Guidelines define "federal crime of terrorism" by referencing 18 U.S.C. § 2332b(g)(5). U.S.S.G. § 3A1.4, comment.

(n.1). Thus, "the term 'Federal crime of terrorism' means an offense that – (A) is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct; and (B) is a violation of . . . [18 U.S.C. §] 2332a (relating to use of weapons of mass destruction) . . . ."  18 U.S.C. § 2332b(g)(5).

Based on this plain language, there are only two elements for determining whether an offense is a federal crime of terrorism.  First, the offense must be intended "to influence or affect the conduct of government."  18 U.S.C. § 2332b(g)(5)(A).  In this case, Garey's offense conduct meets this element because he made numerous bomb threats intending to influence the government such that it would pay him money in order to stop making bomb threats.  Second, the offense must be in violation of one of the enumerated offenses, including a violation of 18 U.S.C. § 2332a.  18 U.S.C. § 2332b(g)(5)(B)(i).  Here, this element is met because Garey was convicted on several counts of threatening to use a weapon of mass destruction, in violation of 18 U.S.C. § 2332a(a)(2).

Although Garey attempts to incorporate a third element into the definition of "federal crime of terrorism," namely that the offense conduct transcend national

3

boundaries,[2] this element is not included in § 2332b(g)(5)'s definition. "[T]he 1996 and 1997 amendments to the sentencing guidelines removed any requirement that *international* terrorism be implicated by the offense of conviction."[3]  *United States v. Hale*, 448 F.3d 971, 988 n.1 (7th Cir. 2006); *see also United States v. Nichols*, 169 F.3d 1255, 1270 n.3 (10th Cir. 1999) (noting that but for ex post facto concerns, § 3A1.4 would have applied to a purely domestic conspiracy to bomb the Alfred P. Murrah building in Oklahoma City).

We are further convinced an international element is not present in § 3A1.4 by the anomaly that would result from its imposition. Currently, Application Note 4 allows for an upward departure even if only one of the two elements of the definition is met. U.S.S.G. § 3A1.4, comment. (n.4); 18 U.S.C. § 2332b(g)(5). If an international element was imposed, a defendant whose offense conduct meets both elements of the definition of "federal crime of terrorism" but does not transcend national boundaries would not be eligible for an enhancement.

---

[2]  Although a defendant's conduct must transcend national boundaries to sustain a conviction under § 2332b, "the Sentencing Guidelines do not predicate an upward adjustment on a violation of section 2332b." *United States v. Harris*, 434 F.3d 767, 773 (5th Cir. 2005).

[3]  Section 730 of the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1303, required the Commission to amend the Sentencing Guidelines so that the adjustment in § 3A1.4 (formerly relating to "international terrorism") applied more broadly to "federal crimes of terrorism," as defined in 18 U.S.C. § 2332b(g)(5). The Commission promulgated this amendment as an emergency amendment in 1996, then re-promulgated it as a permanent amendment in 1997. *See* Guidelines Manual app. C, amends. 525, 565

*B. This Court's Precedent Analyzing U.S.S.G. § 3A1.4*

This Court has twice considered U.S.S.G. § 3A1.4, and both times affirmed its application to purely domestic conduct. In *United States v. Mandhai*, 375 F.3d 1243 (11th Cir. 2004), the defendant planned "to bomb electrical transformers in Florida in retaliation for the U.S. government's support of Israel and other countries that oppress Muslims. . . . [and] to contact the government after the attack and demand that it cease supporting countries that oppose Muslims." *Id.* at 1246. Mandhai pled guilty to conspiracy to damage and destroy electrical power stations by means of fire and explosives, in violation of 18 U.S.C. §§ 844(i) and (n). *Id.* at 1246-47. On appeal, this Court affirmed the district court's imposition of the terrorism enhancement under § 3A1.4 even though there was no indication the defendant's conduct transcended national boundaries. *See id.* at 1250.

In *United States v. Jordi*, 418 F.3d 1212 (11th Cir. 2005), the defendant pled guilty to attempted arson, in violation of 18 U.S.C. § 844(i), based on his plan to destroy abortion clinics using explosive devices. *Id.* at 1213-14. The government moved for an upward sentence departure, arguing "Jordi's crime involved planned terrorist acts intending to intimidate or coerce a civilian population." *Id.* at 1214; U.S.S.G. § 3A1.4, comment. (n.4). The district court denied the motion, finding that "'terrorism as referred to in section 3A1.4(a) of the

5

Guidelines Manual requires a showing that the defendant's crime transcended national boundaries.'" *Jordi*, 418 F.3d at 1214.

Addressing that finding on appeal, this Court cited *Mandhai* and said it "has arguably answered that question." *Id.* at 1216 n.2. We nevertheless declined to address the argument, noting that the determination of whether an upward departure is warranted under "Application Note 4 . . . does not require an interpretation of the term 'federal crime of terrorism' at all." *Id.* at 1216. This Court held "the district court was authorized to depart pursuant to the application note," which did not require that the offense conduct transcend national boundaries. *Id.* at 1217.

In summary, based on the plain language of U.S.S.G. § 3A1.4 and 18 U.S.C. § 2332b(g)(5) and this Court's prior analysis of U.S.S.G. § 3A1.4, we conclude the definition of a "federal crime of terrorism" does not require the offense conduct to transcend national boundaries. Therefore, the district court did not err in applying the enhancement to Garey's guideline score.

## II.

Garey argues the district court erred in light of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), when it enhanced his guideline score for terrorism because the issue of whether his conduct constituted a "federal crime of

terrorism" was based on its own factual findings and was not determined by the jury.

This Court reviews the sentence for plain error because Garey did not object on this basis in the district court. *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). In order for this Court to correct plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights. *Id.* "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted).

If the district court applies the Guidelines as advisory, nothing in *Booker* prevents the court from making additional factual findings at sentencing. *See United States v. Chau*, 426 F.3d 1318, 1323-24 (11th Cir. 2005). In this case, the district court treated the Guidelines as advisory, so, to the extent the district court made factual findings regarding whether Garey's offense conduct was a federal crime of terrorism, the district court did not err under *Booker*. *United States v. Garey*, 383 F. Supp. 2d 1374, 1377. Accordingly, Garey has not satisfied the plain error test.

Finally, Garey argues his 360-month sentence was unreasonable. After *Booker*, a district court must consider the correctly calculated sentencing range under the Guidelines and the factors set forth in 18 U.S.C. § 3553(a) in determining a reasonable sentence. *See United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005); *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam). "[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Instead, indications in the record that the district court considered facts and circumstances falling within § 3553(a)'s factors will suffice. *Id.* at 1329-30; *Talley*, 431 F.3d at 786.

This Court's "[r]eview for reasonableness is deferential. . . . and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Talley*, 431 F.3d at 788. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *Id.*

On appeal, Garey claims his sentence is unreasonable because the district court "gave no weight to the fact that [he] suffers from a recognized mental illness of paranoid schizophrenia," and that "[n]ot a single person was murdered, raped, robbed or assaulted" as a result of his offenses. There is no indication the district court failed to consider these issues in determining what sentence to impose. By sentencing Garey to 360 months' imprisonment, the district court went below the advisory Guidelines range and, in essence, gave him the equivalent of a 6-level downward departure from his offense level, from a level 47 to a level 41, and a 3-category departure in his criminal history category, from a category VI to a category III, and then sentenced him to the low-end of the resulting Guidelines range. *United States v. Garey*, 383 F. Supp. 2d 1374, 1378-80 (11th Cir. 2005). In doing so, the court explicitly stated on the record that it considered, among other things, several of the § 3553(a) factors in reaching that decision. *Id.* at 1379.

Garey has not met his burden of establishing the sentence was unreasonable. Accordingly, we affirm Garey's sentence.

**AFFIRMED.**

9