[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 30, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13872
Non-Argument Calendar
_____

D. C. Docket No. 08-00003-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT HIGGINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 30, 2009)

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Robert Higgins appeals his sentence of 180 months of imprisonment for his

plea of guilty to sexual exploitation of a minor. 18 U.S.C. § 2251(a). Higgins challenges for the first time on appeal the imposition of a mandatory minimum sentence. We affirm.

Objections or arguments that are not raised in the district court are reviewed for plain error. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). To satisfy that standard, a defendant must establish an error that is plain and affects his substantial rights. Id. We then may exercise our discretion to recognize the error, but only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." United States v. Garey, 546 F.3d 1359, 1363 (11th Cir. 2008).

There was no plain error at Higgins's sentencing. Higgins argues that his sentence is unreasonable because section 2251 divested the district court of authority to consider the ordinary sentencing factors, 18 U.S.C. § 3553(a), but a district court is bound by statutory mandatory minimum penalties even after United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). United States v. Castaing-Sosa, 530 F.3d 1358, 1362 (11th Cir. 2008) ("Booker's instruction to district courts to consider the factors in § 3553(a) in fashioning a reasonable sentence cannot be read to authorize using the § 3553(a) factors to impose a sentence below an applicable statutory mandatory minimum."). Higgins also argues that his sentence

is cruel and unusual punishment that violates the Eighth Amendment, but sexual exploitation of a minor is a serious offense and there is no controlling authority that 180 months of imprisonment is a grossly disproportionate sentence for that offense. See Protect Act, Pub. L. No. 108-21, 117 Stat. 650, 676 (2003) ("'The prevention of sexual exploitation . . . constitutes a government objective of surpassing importance,' New York v. Ferber, 458 U.S. 747, 757 (1982) . . . ."). "[A] sentence which is not otherwise cruel and usual does not become so simply because it is 'mandatory.'" United States v. Raad, 406 F.3d 1322, 1324 (11th Cir. 2005).

Higgins's sentence is **AFFIRMED**.