[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 7, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16193
Non-Argument Calendar

_____

D. C. Docket No. 08-00151-CR-J-24-JRK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AARON TYRONE WILSON,
a.k.a. T-Y

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 7, 2009)

Before BIRCH, BLACK  and BARKETT, Circuit Judges.

PER CURIAM:

Aaron Tyrone Wilson appeals the 96-month sentence imposed by the district

court for his printing and production of false and fictitious documents purporting to be actual securities or other financial instruments, in violation of 18 U.S.C. § 514. On appeal, Wilson argues that his sentence is procedurally and substantively unreasonable. He also asserts that the district court erred because it identified the wrong laptop computer in the forfeiture order accompanying the sentence. For the reasons that follow, we AFFIRM his sentence but REMAND to permit the district court to correct the record with respect to the forfeiture order.

## I. BACKGROUND

Between August and November 2007, Wilson manufactured counterfeit checks that purported to be from various corporations conducting business in Florida and other states. On 6 November 2007, Secret Service agents observed Wilson attempting to cash counterfeit checks and seized various pieces of evidence, including a laptop computer and a printer, which Wilson later admitted he used to print the checks. A grand jury subsequently indicted him for knowingly making fictitious financial instruments, in violation of 18 U.S.C. § 514(a)(1), a crime to which Wilson pled guilty in June 2008. Wilson's indictment included a provision in which the government sought forfeiture under 18 U.S.C. § 492 and 24 U.S.C. § 2461(c) of an Acer 800 laptop computer, a power cord, and a Lexmark printer. The government, after determining that agents had seized a Dell Inspiron

laptop rather than a Acer 800 laptop, simultaneously filed a motion to dismiss the forfeiture count with respect to the Acer laptop and a bill of particulars specifying forfeiture of the Dell Inspiron laptop, along with the Lexmark printer and power cord. It subsequently moved for a preliminary order of forfeiture on those latter three items, which the district court granted.

The district court held a sentencing hearing in October 2008, at which Wilson reiterated his guilty plea. Prior to the hearing, the government filed a motion based on U.S.S.G. § 4A1.3 for a two-level upward departure with respect to Wilson's criminal history category. In the motion, the government asserted that Wilson's criminal history category did not adequately reflect his past criminal conduct because many of his prior convictions no longer could be taken into account due to the passage of time. At the sentencing hearing, the court noted that, prior to any departures or variances, Wilson's guideline sentencing range would be 18 to 24 months of imprisonment, based on a criminal history category of IV and a total adjusted offense level of 11. It then granted the government's motion for a § 4A1.3 upward departure, which increased Wilson's criminal history category from IV to VI and changed his guideline range to 27 to 33 months of imprisonment. After granting this motion, the court expressed its displeasure with this adjusted range, noting that Wilson's criminal history was "just bad" and that

3

recidivism was likely. R6 at 16–17. The court stated that it was "going to depart upward" and sentence Wilson to 96 months of imprisonment "based on this uncounted criminal history, the fact that he's on supervised release[,] . . . which leads to the conclusion that he can't stop," and because "a longer sentence than what's recommended under the guideline is needed to protect the public." Id. at 19. The court later commented that it had "considered the sentencing guidelines, as well as the [18 U.S.C. §] 3553 factors, and for [the] reasoning already indicated [was] going to . . . depart upward from the guideline range." Id. at 21. Wilson objected to the sentence as an excessive departure from the guidelines and unreasonable in light of the § 3553 factors. The court also sentenced Wilson to 24 months of imprisonment, to run consecutively with his other sentence, for committing the crime while on supervised release.

The district court stated at the sentencing hearing that it also was granting the forfeiture motion and including it in the final judgment. The final judgment of conviction, as well as the court's statements at sentencing, identified the property to be forfeited as the Acer 800 laptop, power cord, and Lexmark printer. Wilson did not object to this catalog of items at the hearing, even though the court had misidentified the laptop in question. When the court issued the final judgment of forfeiture, it correctly listed the Dell Inspiron laptop along with the Lexmark

4

printer and power cord as the property subject to forfeiture. Wilson subsequently appealed his sentence.

## II. DISCUSSION

On appeal, Wilson raises two issues. First, he contends that his 96-month sentence is both procedurally and substantively unreasonable. Second, he asserts that the district court erred in ordering him to forfeit his interest in the Acer 800 laptop. With respect to the reasonableness of his sentence, he maintains that it is unclear from the record whether the district court based his above-guidelines sentence on an upward departure under § 4A1.3 or an upward variance under § 3553(a). If it was the former, then the court would not have followed the required procedure for departing upward. Furthermore, he asserts that the sentence was greater than necessary to deter future criminality.

A. Reasonableness of Wilson's Sentence

"We review the . . . sentence imposed by the district court for reasonableness." United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008) (per curiam). In so doing, we must consider both the procedural and substantive reasonableness of a sentence. See id. "A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate

5

statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." Id. After we determine that a sentence is procedurally reasonable, we examine the substantive reasonableness of a sentence under an abuse-of-discretion standard, focusing on whether the totality of the circumstances, including the relevant § 3553(a) factors, support the sentence. See id. at 1323–24.

As Wilson notes, there is an intrinsic difference between an upward departure and an upward variance, with the former resulting from the application of particular provisions of the sentencing guidelines, such as § 4A1.3, and the latter from the court's consideration of the § 3553(a) factors[1]. See United States v. Grams, 566 F.3d 683, 686–87 (6th Cir. 2009) (per curiam). A district court may issue an upward departure if it determines that the criminal history category

---

[1] These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam)

6

assigned to a defendant "substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1) (Nov. 2007). For upward departures from a criminal history category of VI, the court "should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." Id. § 4A1.3(a)(4)(B). On the other hand, the court may upwardly vary a sentence after taking into account all of the factors listed in § 3553(a). A sentencing judge need not make an explicit statement indicating that he has taken all of those factors into account; however, he should provide enough indication "to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Livesay, 525 F.3d 1081, 1090 (11th Cir. 2008) (quotation marks and citation omitted).

In this case, both parties agree that the district court initially imposed an upward departure to criminal history category VI and that there was no procedural error in that action. We therefore must determine whether the court's subsequent decision to impose a 96-month sentence represented an upward variance or a second upward departure. Based on our review of the evidence, it appears that the

court intended to impose an upward variance. Admittedly, the court stated that it was "depart[ing] upward" in imposing the above-the-guidelines sentence. R6 at 19. In the same sentence, though, the court justified its action by citing concepts that seem to reflect the § 3553(a) factors, such as the need to protect the public, Wilson's criminal history and characteristics, and the risk of recidivism. See 18 U.S.C. § 3553(a)(1), (2)(A)–(C). The court later explicitly stated that it was basing its "departure" in part on § 3553. Additionally, the court's written statement of reasons supporting the sentence indicated that it imposed an above-guidelines sentence for the reasons articulated in § 3553(a)(2), i.e., protecting the public from future crimes by Wilson, in addition to upwardly departing under § 4A1.3 to reflect Wilson's inadequate criminal history. These repeated references to § 3553(a) considerations indicate that the court intended to impose an upward variance, since those factors, with the exception of criminal history, generally would not be relevant for an upward departure under § 4A1.3. We therefore find that the court's above-guidelines sentence reflected an upward variance, notwithstanding the court's reference to an upward "departure."

In light of this finding, we turn to evaluating Wilson's sentence for reasonableness. Neither party asserts that the court improperly calculated the applicable guidelines range and the court provided a number of legitimate

8

justifications for the above-guidelines sentence. We therefore find Wilson's sentence to be procedurally reasonable. See Gonzalez, 550 F.3d at 1323. Wilson argues that his sentence was substantively unreasonable because the court relied on faulty calculations of his prior offenses and effectively doubly penalized him by sentencing him for committing the crime while on supervised release and upwardly varying his sentence based on his recidivism. We disagree. Wilson still would have a quite extensive criminal history even ignoring all of the charges he disputes. Additionally, Wilson's sentence for violating his supervised release is premised on a breach of the court's trust. See U.S.S.G. Ch.7, Pt.A, intro. comment. 3(b). On the other hand, the court's reference to Wilson's inability to stop committing crimes relates to various § 3553(a) factors, including promoting respect for the law and deterring criminal conduct. See 18 U.S.C. § 3553(a)(2)(A)–(B). The upward variance thus would not constitute double punishment for Wilson's violation of his supervised release. Although Wilson's sentence represented a dramatic increase from his guideline range, the variance is not unreasonable given the totality of the circumstances. See Gonzalez, 550 F.3d at 1323–24. Wilson's vast criminal history, along with concerns about recidivism and protecting the public, all support the court's sentence. Additionally, we note that his 96-month sentence was well below the statutory maximum of 300 months. See 18 U.S.C. §§ 514(a),

3581(b)(2).

B. Forfeiture Order

Both parties concede that the district court erred when it ordered the forfeiture of an Acer 800 laptop computer instead of a Dell Inspiron laptop computer. Wilson asserts that, as a result, we should vacate that provision of his sentence and remand for resentencing. Because Wilson did not object to this error before the district court, we review his objection under a plain error standard. See United States v. Garey, 546 F.3d 1359, 1363 (11th Cir. 2008) (per curiam). For us to correct such an error, "(1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights." Id. If we find those conditions to be met, we may exercise our discretion "to notice a forfeited error, but only if . . . the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation marks and citation omitted).

In this case, there is no basis for vacating this portion of Wilson's sentence. Although the first two prongs of the plain error standard would be met, Wilson has provided no evidence that his substantial rights were affected by the error. In fact, the final judgment of forfeiture listed the Dell Inspiron laptop rather than the Acer laptop. The court's references to the Acer laptop at the sentencing hearing and in the final judgment of conviction thus would constitute the kind of clerical error that

the district court could correct pursuant to Rule 36 of the Federal Rules of Criminal Procedure. See Rule 36 (stating that the district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission"). Bearing this in mind, we think the appropriate course of action is to affirm the forfeiture order but remand the case to the district court to permit it to take any corrective action it may deem appropriate.

## III. CONCLUSION

Wilson appeals the district court's 96-month sentence following his conviction for printing and producing false and fictitious documents purporting to be actual securities or other financial instruments. The record sufficiently indicates that the court's sentence was based on an upward variance from an adjusted guideline range. Wilson's sentence therefore was procedurally and substantively reasonable given his criminal history, the need to protect the public, and the risk of recidivism. Furthermore, although the district court misstated the property subject to forfeiture in connection with this offense, we find both that this was not plain error that would necessitate vacating that portion of his sentence and that such an error can be corrected by the district court pursuant to Rule 36. We thus AFFIRM his sentence and REMAND to allow the district court to correct the record as it sees fit.

**AFFIRMED and REMANDED.**