[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11020
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 11, 2010
JOHN LEY
CLERK

D. C. Docket No. 04-00104-CR-ORL-28KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENNIE C. RIVERA,
a.k.a. Mario Quinones,
a.k.a. Carlos Alberto Quinones,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 11, 2010)

Before BLACK, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Bennie Rivera appeals his 240-month sentence for conspiracy to possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and 846, and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a), (b)(1)(A). On appeal, Rivera argues that his sentence is unreasonable because he was a "middle man in a run-of-the-mill drug conspiracy." He argues that the mandatory minimum sentence, as applied to this case, violated the Eighth Amendment prohibition against cruel and unusual punishment, due process, and the Sixth Amendment. In short, he argues that the mandatory minimum is unconstitutional in this case because it forced the district court to impose a sentence greater than necessary to achieve the purposes of 18 U.S.C. § 3553(a). Thus, he contends that the district court should have discretion to sentence below the mandatory minimum. Rivera acknowledges that our binding precedent prohibits the district court from imposing a sentence below the mandatory minimum in this case, but requests that we revisit the issue en banc and acknowledges that he is attempting to preserve the issue for review by the Supreme Court.

Subsequent to the Supreme Court's decision in Booker, we review a sentence for procedural and substantive reasonableness. Gall v. United States, 552

U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed.2d 445 (2007).  "After Booker, a district court must consider the correctly calculated sentencing range under the Guidelines and the factors set forth in 18 U.S.C. § 3553(a) in determining a reasonable sentence."  United States v. Garey, 546 F.3d 1359, 1363 (11th Cir. 2008), cert. denied, 129 S. Ct. 2432 (2009).  Nonetheless, "Booker's instruction to district courts to consider the factors in § 3553(a) in fashioning a reasonable sentence cannot be read to authorize using the § 3553(a) factors to impose a sentence below an applicable statutory mandatory minimum."  United States v. Castaing-Sosa, 530 F.3d 1358, 1362 (11th Cir. 2008).  Section 841(b)(1)(A) states that an individual convicted under the statute, who has also been convicted of a prior felony drug offense, "shall be sentenced to a term of imprisonment which may not be less than 20 years."  21 U.S.C. § 841(b)(1)(A).

Upon review of the record and consideration of the briefs of the parties, we discern no error.  At the outset, we note that at the sentencing hearing, Rivera conceded that the district court lacked the discretion to sentence below the mandatory minimum.  Because Rivera raises the instant arguments for the first time on appeal, we will review for plain error.  United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).  Rivera cannot point to any authority supporting his arguments.  In fact, our prior cases reject Rivera's arguments; therefore, he

3

cannot demonstrate plain error. See Castaing-Sosa, 530 F.3d at 1362 (holding that district courts remain bound to statutory mandatory minimum after Booker); United States v. Holmes, 838 F.2d 1175, 1178-79 (11th Cir. 1988) (rejecting Eighth Amendment challenge to § 841(b)).

Because Rivera was properly sentenced to the statutory mandatory minimum pursuant to 21 U.S.C. § 841(b)(1)(A) and the district court correctly determined that it lacked the discretion to impose a sentence below the statutory mandatory minimum, Rivera has failed to demonstrate that his sentence constituted plain error. Accordingly, we affirm.

**AFFIRMED.**