[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 09-15616, 09-15617 & 09-15618
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 20, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 03-00041-CR-FTM-29-DNF,
03-00042-CR-FTM-29-DNF, 03-00043-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH D. IZARD,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(September 20, 2010)

Before PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Thomas Ostrander, appointed counsel for Kenneth Izard in this appeal from the revocation of Izard's supervised release, moves to withdraw as Izard's attorney. Ostrander filed a brief arguing that the appeal lacks merit, in accordance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967). Izard did not submit a reply brief. After independent review of the record, we agree that the appeal lacks merit.

Izard, who had served a custodial term for three bank robberies, pleaded guilty to several violations of the terms of his supervised release. This was the second time Izard was brought before the district court for violating his supervised release. After the first violation, the court sentenced him to another term of supervised release. This time, however, the court revoked the supervised release and sentenced Izard to 18 months imprisonment. We review this decision for an abuse of discretion. United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994).

In Ostrander's brief, he identifies two potential, but ultimately frivolous, issues for appeal. First, Ostrander indicates that Izard could argue that he did not admit his guilt to the supervised release violation. However, this argument cannot carry the day. At his final revocation hearing, the court informed Izard of the allegations as well as his procedural rights, and Izard said he understood. The court told Izard his advisory guideline range was 21 to 27 months imprisonment,

2

but that the statutory maximum was 24 months. Izard then admitted to the facts and circumstances of his violations. We conclude that the colloquy at the revocation hearing adequately established that Izard voluntarily acknowledged his guilt to the supervised release violations and that he understood the nature of the charges as well as the consequences of admitting his guilt to those charges. See United States v. Monroe, 353 F.3d 1346, 1354 (11th Cir. 2003).

The second issue Ostrander identifies is whether Izard's sentence was unreasonable. We review a sentence upon revocation of supervised release for reasonableness. United States v. Tome, No. 09-16486, 2010 WL 2899147, at *6 (11th Cir. July 27, 2010). Although the government recommended a term of 18 months imprisonment in exchange for Izard's guilty plea, Izard asked for leniency by explaining how he was trying to get his life back on track. Izard's attorney recommended a sentence of a year and a day, but agreed with the government that imprisonment was more likely to change Izard's behavior than another term of supervised release.

We see no procedural defect in Izard's sentence. See id. The district court properly calculated the guideline range, told Izard the guidelines were not mandatory, and considered the 18 U.S.C. § 3553(a) factors, noting specifically its obligation to impose a sentence that was sufficient but not greater than necessary.

The court considered Izard's criminal history, his problematic conduct while on supervised release, and the fact that Izard did not avail himself of the opportunity he was given for alcohol counseling. The court need not explicitly address each of the § 3553(a) factors, so long as the record indicates that the court considered the facts and circumstances relevant under § 3553(a). See United States v. Garey, 546 F.3d 1359, 1363 (11th Cir. 2008).

Izard's sentence was also substantively reasonable. See Tome, 2010 WL 2899147 at *7. Given that this was Izard's second time to be brought before the court on a supervised release violation, and the unanimity of opinion that a third try for success on supervised release would be pointless, the district court concluded that Izard needed to be sentenced to a custodial term. The 18 month sentence—below the guideline range for his violation—was particularly appropriate in light of Izard's repeated violation of his supervised release.

Our independent review of the record reveals no arguable issues of merit. Ostrander's motion to withdraw is **GRANTED**, and Izard's conviction and sentence are **AFFIRMED**.