[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14186

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

*versus*

BENNIE C. RIVERA,
a.k.a. Mario Quinones,
a.k.a. Carlos Alberto Quinones,

                                                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 6:04-cr-00104-JA-LHP-2

—————————————————

Before ROSENBAUM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Bennie C. Rivera, proceeding pro se, appeals the District Court's order denying his motion for relief under the First Step Act. In response, the Government moves for summary affirmance and to stay the briefing schedule.

## I. **Background**

In 2009, Rivera was convicted of two offenses: conspiracy to possess with intent to distribute heroin and possession with intent to distribute heroin. And because of a previous drug conviction, Rivera faced mandatory minimum sentences.[1] Thus, the District Court imposed concurrent twenty-year sentences. Rivera appealed that sentence, but we affirmed. *See United States v. Rivera*, 365 F. App'x 200, 201 (11th Cir. 2010) (per curiam).

In 2019, Rivera sought a reduction of his sentence under the First Step Act. But the District Court denied it, explaining that Rivera didn't qualify for relief under the Act because he was not sentenced for a "covered offense"—his offense involved heroin, not cocaine. Rivera moved for reconsideration but that was also denied.

---

[1] In 1994, Rivera pleaded guilty to one count of conspiracy to possess with intent to distribute five grams or more of cocaine.

We saw Rivera's appeal, which was met with the Government's motion for summary affirmance. We granted the Government's motion, citing the untimeliness of Rivera's appeal and his ineligibility for First Step Act relief. *See United States v. Rivera*, 824 F. App'x 598, 600 (11th Cir. 2020).

In 2022, Rivera once again moved for a sentence reduction under the First Step Act. But the District Court denied it, citing its prior 2019 denial. That led to the current appeal.

## II. Legal Argument

Rivera's argument is twofold. First, the District Court erred by denying his motion without a hearing on the merits. And second, the District Court abused its discretion by not adhering to a Supreme Court mandate.

The Government responds by moving for summary affirmance. It argues that the law-of-the-case doctrine bars Rivera from relitigating this matter. It also argues he was not entitled to a hearing and is still not eligible for relief under the First Step Act.

## III. Discussion

Summary disposition is proper where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groen-*

*dyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2] Summary affirmance is proper here.

To begin, the law-of-the-case doctrine makes our decisions "bind[ing] [on] all subsequent proceedings in the same case." *United States v. Anderson*, 772 F.3d 662, 668 (11th Cir. 2014) (quotations omitted). So, our ruling in *Rivera*, 824 F. App'x at 600, binds Rivera in challenging his eligibility under the First Step Act again because he appeals the same issue this Court already summarily affirmed.

Rivera is also not entitled to a hearing on this issue. This Court has explained that "the First Step Act does not require district courts to hold a hearing with the defendant present before ruling on a defendant's motion for a reduced sentence." *See United States v. Denson*, 963 F.3d 1080, 1082 (11th Cir. 2020), *abrogated in part on other grounds by Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022); *see also United States v. Files*, 63 F.4th 920, 925 (11th Cir. 2023) (recognizing *Denson*'s non-abrogated holding that a defendant has no due process right to a hearing on a First Step Act motion).

And as for Rivera's claim that the District Court didn't follow a Supreme Court mandate, we disagree. Rivera cites *Concepcion v. United States*, which holds that sentencing courts may consider intervening changes of law or fact in adjudicating a First

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

22-14186                Opinion of the Court                        5

Step Act motion—so this must be the mandate to which Rivera refers. 142 S. Ct. at 2396. But no changes of law or fact have made Rivera eligible for relief under the Act. That is true because the First Step Act and the Fair Sentencing Act still only address the sentencing disparity between offenses involving cocaine base and powder cocaine, not heroin.[3]

Indeed, there is no substantial question as to this case's outcome, and the Government is correct as a matter of law. Thus, the summary affirmance motion is **GRANTED** and the motion to stay the briefing schedule is **DENIED** as moot.

---

[3] *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222.